■    In the Matter of MARGHERITA REZOAGLI, by Her Guardian ad Litem, AGATHA BATTAGLIA, Petitioner, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated March 23, 1976 and made after a fair hearing, which affirmed a determination of the local agency denying petitioner's application for medical assistance. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remanded to the respondent State commissioner for a *de novo* hearing and determination. Petitioner's application was denied because of a lack of prior approval by the medical director of the local agency pursuant to 18 NYCRR 505.9 (b). At the fair hearing, which the 83-year-old petitioner could not attend because of her confinement in a nursing home, she was represented by her daughter, Ms. Battaglia, who appeared without counsel. Ms. Battaglia was not accorded the opportunity to make a clear presentation of her evidence on the issue of the agency's prior approval and was not advised of her right to procure an adjournment of the hearing to enable her to produce witnesses essential to her case. Additionally, certain documentary evidence has become available to petitioner since the holding of the fair hearing. That evidence calls for reconsideration in the interests of justice. Hopkins, J. P., Damiani, Rabin and Shapiro, JJ., concur.

■    In the Matter of ROAD MATERIAL CORPORATION, Petitioner, v COMMISSIONER OF THE ENVIRONMENTAL CONSERVATION DEPARTMENT OF THE STATE OF NEW YORK, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, dated April 22, 1976 and made after a hearing, which denied petitioner's application for a moratorium permit. Determination confirmed, without costs or disbursements, and, pursuant to the stipulation of the parties at oral argument, the proceeding is converted into an action to declare the rights of the parties with respect to the first branch of the relief sought in the petition and, as such, the action is remanded to Special Term for further proceedings not inconsistent herewith. The time within which plaintiff, heretofore the petitioner, may serve its complaint is extended until 20 days after entry of the order to be made hereon. Hopkins, J. P., Martuscello, Latham and O'Connor, JJ., concur.