In the Matter of CHARLOTTE DREHER, Petitioner, v J. HENRY SMITH, as Commissioner of New York City Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of respondent Commissioner of the New York State Department of Social Services, dated May 26, 1977 which, after a statutory fair hearing, affirmed a determination of the local agency to discontinue a grant of aid to dependent children. Determination annulled, on the law, without costs or disbursements, petition granted and the respondents are directed to pay to the petitioner the public assistance grant for the period of deprivation. In our opinion, the determination under review was not supported by substantial evidence. An official notice dated January 18, 1977 was addressed to petitioner at 273 Jefferson Avenue, Brooklyn, New York, which, at the fair hearing, respondents asserted was her address of record. That notice stated that "this Department intends to discontinue your public assistance grant on 1/25/77" for the reason that "You are not living at address on record".* Thereafter, after a statutory fair hearing, the State Commissioner of Social Services affirmed the determination of the local agency. The State commissioner's decision stated, *inter alia:* "(2) On January 18, 1977, the agency determined to discontinue the appellant's assistance because she failed to verify her residence. (3) The appellant was unable to provide proof of her residence. The appellant could not prove that she resided at the address listed in Brooklyn. The appellant could not prove that she lived at the address listed in Staten Island. * * * In this case, the record establishes

---

* It appears from the petition and from respondent's brief that petitioner was restored to public assistance in April or May, 1977.

that the appellant did not fulfill her responsibility, in that she was unable to prove that she lived at the Brooklyn address which she listed. Furthermore, the credible evidence establishes that the appellant does not, and never has, lived at the Staten Island address which she lists as hers. The agency sent a representative to the Staten Island address, and was told that the appellant has never lived there. Accordingly, the agency's determination to discontinue appellant's assistance was proper." The record, however, contains no evidence to support the finding that "The agency sent a representative to the Staten Island address, and was told the appellant has never lived there". The evidence showed that the local agency representative went to the *Brooklyn* address at a time when petitioner had already moved to Staten Island because her mother had died and petitioner could no longer live in her mother's Brooklyn house. Further, the fair hearing transcript showed that the local agency had satisfied itself that the petitioner had lived at the Brooklyn address at the time she originally purported to live there. However, the local agency was only interested in whether petitioner (1) had moved to, and in fact then lived at, the Staten Island address and (2) had notified the agency of this fact. In our opinion, these two elements with respect to her Staten Island residence were proven and respondents' determination to the contrary is not supported by substantial evidence. Finally, were we not annulling the determination under review and directing restoration of the subject grant for the period of deprivation, we would order a new hearing because the transcript shows that the local agency representative and the hearing officer were confused as to what the issues were and what petitioner was being asked to prove. Petitioner was appearing *pro se* and was not given proper notice and assistance with respect to the nature of the issues. Nor was there sufficient development by the hearing officer of the testimony presented by her (see *Matter of Rezoagli v Toia,* 62 AD2d 1020). Martuscello, J. P., Titone, Rabin and Hawkins, JJ., concur.

