■ CANDIA A. SHIELDS, Respondent, v SCHOOL OF LAW OF HOFSTRA UNIVERSITY et al., Appellants.—In an action seeking plaintiff's reinstatement to the defendant law school and damages arising out of her allegedly improper dismissal therefrom, defendants appeal from an order of the Supreme Court, Nassau County, entered February 8, 1980, which denied their motion pursuant to CPLR 3211 (subd [a], pars 5, 7) to dismiss the complaint on the grounds that the action was barred by the Statute of Limitations and that the complaint failed to state a cause of action. Order reversed, on the law, without costs or disbursements, motion granted and complaint dismissed. In the fall of 1977, plaintiff commenced a three-year course of study under the Juris Doctor program at the defendant law school. At all times relevant hereto, the academic regulations of the school, as contained in its bulletin, provided that a student who did not maintain a cumulative average of 2.0 at the end of the second semester of study and each semester thereafter was "automatically dismissed" from the school. However, the faculty, upon the petition of such a student, was empowered by the regulations to grant the student "conditional advancement" into the next semester, in its discretion. At the end of plaintiff's first year of study, she was advised that she had received a failing grade in moot court. On or about June 15, 1978, and again on July 20, 1978, plaintiff was allegedly assured by the assistant dean of the school that she could rewrite her moot court brief and that, if she did so in satisfactory fashion, the failing grade would not be counted in computing plaintiff's cumulative average. Acting in reliance upon this assurance, plaintiff did not "appeal" the failing grade received in moot court, but, instead, undertook to rewrite her brief. In the meanwhile, plaintiff was conditionally advanced into the fall, 1978 semester on the conditions that she rewrite her moot court brief and raise her cumulative average to 2.0. In December, 1978, at the end of the fall, 1978 semester, plaintiff submitted a rewritten brief and received a passing grade. However, contrary to the assistant dean's assurances, but consistent with its academic regulations as set forth in its bulletin, the school continued to count plaintiff's failing grade in moot court in computing her average. Consequently, plaintiff's cumulative average remained below 2.0 at the end of that semester. Nevertheless, upon her petition, on or about January 30, 1979, plaintiff was granted a one-semester extension of her prior conditional advancement, into the spring, 1979 semester, on condition that she attain a cumulative average of 2.0 by the end of that semester. As plaintiff was then advised, she had thus exhausted the one and only extension of a conditional advancement permitted to a student under the school's regulations. Plaintiff was also advised that she would be unable to apply for another extension should she fail to meet the condition imposed. After she still failed to attain a cumulative average of 2.0 at the end of the spring, 1979 semester, plaintiff was notified on or about June 18, 1979, that she was not eligible to continue as a student at the law school, that another extension of her conditional advancement could not be considered, and that any tuition she had paid toward her next semester's studies would be returned to her. Plaintiff requested reconsideration of this decision, citing the assurances she had been given by the assistant dean of the law school that her failing grade in moot court would not be counted in computing her cumulative average once she satisfactorily rewrote her moot court brief. Plaintiff also cited serious medical problems she had endured during the preceding academic year. On

or about June 25, 1979, plaintiff received a letter from the defendant John J. Regan, dean of the law school, denying her petition for a second extension of her conditional advancement. On November 20, 1979 plaintiff commenced this action by service of a summons and complaint. As relief, plaintiff sought reinstatement in her course of studies and $15,000 damages for lost earnings. Defendants moved to dismiss the action on the grounds that the complaint failed to state a cause of action and that since the action was in essence a proceeding pursuant to CPLR article 78, it was time barred under the four-month Statute of Limitations contained in CPLR 217. Special Term denied defendants' motion to dismiss, holding that the allegations of the complaint were sufficient to set forth a cause of action for breach of contract and that, since the action was "based upon a contractual theory," it was timely commenced under the six-year Statute of Limitations contained in CPLR 213. We disagree with the conclusion of Special Term that the allegations of the complaint are sufficient to allege a cause of action in contract. Plaintiff alleges three causes of action. The gravamen of the first cause of action is that defendants are estopped by the assurances of the assistant dean from counting plaintiff's failing grade in moot court in computing her cumulative average. (See *Matter of Olsson v Board of Higher Educ.*, 49 NY2d 408.) However, to sufficiently plead an estoppel, "facts should be alleged showing in what manner and to what extent [the party claiming estoppel], relied on [the opposing party's] inconsistent conduct and was prejudiced thereby" *(Glenesk v Guidance Realty Corp.,* 36 AD2d 852, 853). Although plaintiff alleges that, because of the assistant dean's assurances, she rewrote her brief rather than "appeal" her failing grade, plaintiff does not allege that any "appeal" procedure existed, that the instructor who gave plaintiff a failing grade or anyone else had the power to alter the grade at that point, that plaintiff's original brief was of sufficient quality to justify the alteration of her grade if anyone had the power to do so, or any other facts from which it might be inferred that plaintiff forbore from asserting a meaningful right because of the assistant dean's assurances. (Cf. *Matter of Olsson v Board of Higher Educ., supra,* p 414.) Moreover, plaintiff does not allege any facts from which it may be inferred that rewriting her brief and "appealing" her grade were such mutually exclusive actions that her deciding to do the former precluded her from doing the latter. We note further that plaintiff's rewriting of her brief was a condition of her conditional advancement into the fall, 1978 semester and, thus, was not referable solely to the assurances of the assistant dean. In sum, plaintiff's first cause of action is legally insufficient since it fails to sufficiently allege prejudice, an essential element of estoppel. Plaintiff's second and third causes of action are legally insufficient because they fail to set forth the provisions of the contract breached by defendants. On a motion to dismiss for failure to state a cause of action, the challenged pleading is to be construed liberally and "is deemed to allege whatever cause of action can be implied from its statement by fair and reasonable intendment" *(Lupinski v Village of Ilion,* 59 AD2d 1050). "Where a complaint, however, sets forth a cause of action for breach of contract, the provisions of the contract upon which the claim is based must be alleged" *(Lupinski v Village of Ilion, supra,* p 1050). Plaintiff's second and third causes of action allege, in essence, that defendants acted "arbitrarily, capriciously and in bad faith" in refusing to count the grades received by plaintiff in summer courses taken at another law school and in not making an exception in plaintiff's case to its regulation prohibiting a second extension of a conditional advancement because of plaintiff's ill health, since defendants had so acted in the cases of other students. While

plaintiff alleges that the "rights and obligations of both plaintiff and defendants are defined by defendant's *[sic]* catalog", plaintiff points to no provision in the catalog which states, or from which it may be inferred, that defendants had an express or implied obligation to count plaintiff's summer school grades or to grant·her a second extension of her conditional advancement. In the absence of any allegation of such a provision, there is no basis to conclude that the law school's decision with respect to those matters involved anything other than the exercise of sound academic discretion, unfettered by contract and unreviewable by courts. (See *Matter of Sofair v State Univ. of N. Y. Upstate Med. Center. Coll. of Medicine,* 44 NY2d 475, 479-480.) Since we conclude that plaintiff has not stated a cause of action in contract, we need not address defendants' contention that, on the facts of this case, such a cause of action may be asserted only in a proceeding pursuant to CPLR article 78 and would be governed by the four-month Statute of Limitations generally applicable to such proceedings. (CPLR 217; but see *Balogun v Cornell Univ.,* 70 Misc 2d 474.) Assuming, without deciding, that plaintiff's claims of arbitrary and capricious conduct by defendants, although not arising out of contract, are cognizable in a proceeding pursuant to CPLR article 78, we agree with defendants that, if this action were to be converted to such a proceeding (see CPLR 103, subd [c]), the proceeding would be time barred since it was commenced more than four months after plaintiff received final notice of the law school determinations that she was academically ineligible to continue her studies and that her application for a second extension of her conditional advancement had been denied. Plaintiff's request for a reconsideration of these determinations, which was denied on or about·July 23, 1979, did not operate to extend the limitations period. Since the complaint fails to state a cause of action that is not time barred, it should be dismissed. Cohalan, J. P., Margett, Martuscello and Weinstein, JJ., concur.