■ MARCELLA WRIGHT, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the State Commissioner of Social Services, dated January 9, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency disqualifying petitioner from receiving public assistance for 30 days and "until willing to comply with requirements relating to employables". Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the State commissioner for a new hearing and determination. The new hearing shall proceed upon a notice setting forth the proper charges that petitioner will have to meet and upon compliance by the local agency with departmental regulations relating to the furnishing to petitioner, prior to the hearing, of all documents to be submitted into evidence at the hearing in support of the proposed action. Three procedural errors on the part of the local agency jointly and severally require annulment of the determination. First, the notice of discontinuance specified the wrong charge with the result that petitioner was deprived of notice and thus of constitutionally required due process (see *Cruz v Lavine,* 45 AD2d 720). Second, petitioner was not provided, prior to the hearing, with copies of the documents to be used against her at the hearing as required by 18 NYCRR 358.9 (d) (see *Matter of Mas v Lavine,* 76 Misc 2d 344, affd 43 AD2d 831 on opn at Special Term, app dsmd 415 US 953; *Matter of Jackson v Wyman,* 36 AD2d 743). Third, the agency failed to inform petitioner of the availability of community legal services, as required by 18 NYCRR 358.3 (d), with the result that the petitioner, who appeared *pro se,* was unable to effectively cross-examine the principal witness against her. Titone, J. P., Lazer, Gulotta and Margett, JJ., concur.