■ In the Matter of VINCENT GERARDI, Appellant, v HOFSTRA UNIVERSITY SCHOOL OF LAW et al., Respondents. — Judgment of the Supreme Court, Nassau County (Delin, J.), dated May 14, 1981, affirmed, without costs or disbursements. (See *Shields v School of Law of Hofstra Univ.*, 77 AD2d 867.) Mollen, P. J., Gulotta, Brown and Boyers, JJ., concur.

■ In the Matter of SANDRA HENDRY, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to, *inter alia,* review a determination of the respondent State Commissioner of Social Services, dated November 21, 1980 and made after a statutory fair hearing, which affirmed a determination of the local agency discontinuing petitioner's public assistance grant for 60 days and until she is willing to comply with the regulations of the State Department of Social Services relating to employable recipients of home relief. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the respondent State commissioner for a new hearing and a new determination. Proceeding otherwise dismissed on the merits. The new hearing shall proceed upon proper notice. The notice of intent to discontinue petitioner's public assistance was inadequate under 18 NYCRR 358.8 (a) which requires that the Department of Social Services give details of the reasons for its proposed action. Here the agency notified petitioner on or about September 9, 1980, that her grant would be discontinued on September 19, 1980 for the reason that "you failed to continue to participate in the public work project". Adequate notice required, at the minimum, that petitioner be informed as to which month's work was at issue. At the hearing, the agency representative stated that the agency was proposing to sanction petitioner for working only 28 of the required 67 hours in August. However, petitioner, who appeared *pro se,* apparently did not understand that the month of August was in question and directed all her testimony and evidence towards showing why her failure to report to work in the month of September should be excused. The agency representative at the hearing and the administrative law judge may have contributed to petitioner's confusion as to which month's work was at issue by questioning her about an accident in September, 1980, in which petitioner was injured, and about medical reports relating to that accident. Under the circumstances, the administrative law judge should have assisted petitioner by directing her to testify about her work during the month of August (see *Hankerson v Harris,* 636 F2d 893, 895; *Matter of Dreher v Smith,* 65 AD2d 572). Titone, J. P., Gibbons, Thompson and Niehoff, JJ., concur.