■ In the Matter of RICHARD A. GANDER, Respondent, v BOARD OF FIRE COMMISSIONERS OF THE WEST HEMPSTEAD FIRE DISTRICT et al., Appellants. — Order and judgment (one paper) of the Supreme Court, Nassau County (Balletta, J.), dated January 20, 1983, affirmed, with costs. (See *Matter of Filiberto v Roosevelt Fire Dist.,* 75 AD2d 572.) Thompson, J. P., O'Connor, Brown and Rubin, JJ., concur.

■ In the Matter of JEAN HENFIELD, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated August 27, 1980 and made following a statutory fair hearing, which affirmed a determination of the local agency to discontinue petitioner's grant of public assistance on behalf of herself and her two minor children. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the State commissioner for a new hearing and determination in accordance herewith. In the absence of any clear finding of an *available* resource to help defray her current expenses, the State commissioner should not have terminated petitioner's grant of Aid to Dependent Children. Resources which are no longer available may not serve as the basis for terminating a grant of public assistance, nor may a recipient's minor children be deprived of the assistance to which they would otherwise be entitled without a prior finding of a lack of need on their part (see *Matter of De Pietto v Toia,* 67 AD2d 663). The appropriate remedy for an alleged overpayment of public assistance benefits is recoupment (18 NYCRR 348.4, 352.31 [d]; cf. *Matter of Easterling v Blum,* 82 AD2d 859; *Matter of Constantine v Blum,* 78 AD2d 680). Since it is not clear on this record whether any portion of the unreported funds which petitioner received in settlement of an insurance claim was determined to have been currently available to her, the matter must be remitted to the State commissioner for a new determination. In addition, in light of the fact that the notice of discontinuance sent to the petitioner failed to inform her of the availability of community legal services, as required by 18 NYCRR 358.3 (e), we are also directing that there be a new hearing. As a result of this omission, the petitioner, who appeared *pro se* at the hearing, was undoubtedly hampered in the presentation of evidence regarding the alleged disposition of the funds in question (see *Wright v D'Elia,* 81 AD2d 865). Lazer, J. P., Mangano, Gibbons and Gulotta, JJ., concur.