■ In the Matter of NANCY PAYE, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated December 23, 1981 and made after a statutory fair hearing, which, *inter alia,* affirmed a determination of the local agency discontinuing petitioner's grant of public assistance. Petition granted to the extent of annulling the determination, on the law, without costs or disbursements, and matter remitted to the respondent State commissioner for a new hearing and determination in accordance herewith. Pursuant to 18 NYCRR 358.9 (d), the local agency was required to "within 72 hours after receipt of notification from the department of a request for a fair hearing, send to the appellant, his representative and to the department copies of all documents to be submitted into evidence at the hearing in support of the proposed action". Petitioner, however, was not provided, prior to the hearing, with copies of the documents to be used against her at the hearing as required by this regulation (see *Wright v D'Elia,* 81 AD2d 865; *Matter of Mas v Lavine,* 76 Misc 2d 344, affd 43 AD2d 831, app dsmd 415 US 953; *Matter of Jackson v*

*Wyman,* 36 AD2d 743). Moreover, petitioner indicated a desire to proceed with counsel. However, the Legal Aid Society was on strike. Inasmuch as she expressed a desire for counsel, she should have been afforded an opportunity for an adjournment to obtain counsel. In addition, petitioner was not adequately notified in advance of the hearing that the date when she allegedly failed to report for a job placement interview was August 18, 1981. Titone, J. P., Gibbons, Thompson and Rubin, JJ., concur.