■ In the Matter of CATHERINE SCHNURR, Appellant, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review the determination of respondent State Commissioner, made after a statutory fair hearing, which affirmed the local agency's determination to discontinue petitioner's grant of home relief, petitioner appeals from a judgment of the Supreme Court, Nassau County (Velsor, J.), entered April 9, 1984, which dismissed the proceeding.

Judgment reversed, on the law, without costs or disbursements, determination annulled, and matter remitted to respondent State Commissioner for a de novo hearing and determination.

Petitioner commenced the instant proceeding to challenge the discontinuance of her public assistance benefits because of her receipt of the proceeds of a personal injury award (18 NYCRR 352.29). At the fair hearing, petitioner appeared *pro se* and testified that she had surrendered her one third of a personal injury settlement, which remained after satisfaction of a Department of Social Services lien, to her sister in satisfaction of an existing debt. Petitioner's sister had advanced to her $115 per month for the previous 18 months in order to assist with the payment of rent. The local agency claimed that it was unaware that petitioner had paid the money to her sister and that it was unavailable to her. As a result of the hearing, respondent State Commissioner concluded that the credible evidence established that petitioner had, in August 1982, received a lump-sum income which she failed to voluntarily remit to the local agency. Accordingly, the local agency's determination to discontinue petitioner's grant of home relief was upheld.

In the absence of any clear finding of an available resource to help defray petitioner's current expenses, petitioner's grant should not have been terminated. Resources which may no longer be available may not serve as the basis for terminating a grant of public assistance *(see, Matter of Henfield v Blum,* 92 AD2d 920). Since it is not clear whether any portion of the funds which petitioner received in settlement of a personal injury claim was determined to have been currently available to her, the matter must be remitted to the State Commissioner for a new determination. In addition, the hearing record indicates confusion both on the part of the Administrative Law Judge and the local agency representative as to the issues involved. At the hearing, the local agency representative erroneously cited 18 NYCRR 352.16 as the controlling regulation without any comment whatsoever by the Administrative Law Judge. The decision after fair hearing was based solely upon 18 NYCRR 352.29 (h). The brevity of the hearing and the Administrative Law Judge's abrupt termination of the proceedings without any attempt to delineate the issues upon which the hearing was to focus or to develop the testimony presented by the *pro se* petitioner effectively deprived her of her right to a fair hearing *(see, Matter of Hendry v D'Elia,* 91 AD2d 663; *Matter of Dreher v Smith,* 65 AD2d 572, 573;

*Matter of Rezoagli v Toia,* 62 AD2d 1020). Accordingly, a de novo hearing is required.

In light of this determination, we need not consider petitioner's claims that 18 NYCRR 552.29 (h), as it existed at the time of the hearing, violated Social Services Law § 131-a and NY Constitution, article XVII, § 1 by requiring a determination of need which was not based upon "available" resources *(see, e.g., Matter of Henfield v Blum, supra).* The current version of this regulation, which is the version to be applied at the new hearing ordered by this court, is not susceptible to these claims *(see,* 18 NYCRR 352.29 [h] [2] [ii]).

We do not pass upon petitioner's claim for counsel fees at this juncture. Said claim must await the outcome of the de novo hearing. O'Connor, J. P., Weinstein, Niehoff and Eiber, JJ., concur.