In the Matter of ELIZABETH SHUFELT, Appellant, v JOHN R. BEAUDOIN, as Commissioner of the Rensselaer County Department of Social Services, et al., Respondents.

Third Department, May 1, 1986

**APPEARANCES OF COUNSEL**

*Barbara Weiner* for appellant.

*Kenneth G. Orvis (Philip A. Lance* of counsel), for John R. Beaudoin, respondent.

*Robert Abrams, Attorney-General (Kathleen Liston Morrison* of counsel), for Cesar A. Perales, respondent.

**OPINION OF THE COURT**

YESAWICH, JR., J.

From December 1983 through June 1984, petitioner, a public assistance recipient in the Aid to Dependent Children category, received monthly rent subsidies from the Rensselaer County Department of Social Services (DSS). To qualify for the

subsidy, petitioner was obliged to work at various assigned jobsites on an hourly basis. In calculating her shelter allowance, DSS made an error, as a result of which petitioner unwittingly was furnished excess public assistance; the overpayment totaled $477. DSS's announced intention of recouping those funds by reducing petitioner's current public assistance grant by 10%—from $79.50 to $71.55 per month—prompted petitioner to seek a fair hearing, following which respondent State Commissioner of Social Services authorized DSS to proceed as planned. The monthly grant was lowered accordingly, with a corresponding decrease in the number of hours petitioner was required to work.

■ The instant CPLR article 78 proceeding followed, and when Special Term rejected petitioner's claim that the recoupment violated her constitutional and statutory rights, she appealed. We affirm the dismissal of her petition.

This appeal does not question the statutory and regulatory authority of DSS to recoup excess payments, nor is it alleged that the proposed recoupment will cause petitioner to suffer hardship. What is being challenged is the very premise of the recoupment, namely, the existence of any overpayment. Petitioner claims to have been paid in wages precisely what she earned and no more; hence, there is nothing to be recouped. It is urged further that if recoupment is allowed, then the value of the work she rendered as a participant in the Rensselaer County work relief program will have been furnished at less than the minimum wage. These arguments perceive the recovery process as being a misappropriation of her income. But none of her property has been taken from her, she is simply receiving a smaller grant. Decreasing her future entitlement to offset the prior, albeit mistaken, overpayment merely recognizes that the public fisc is finite and serves to conserve it, yet assures that petitioner obtains the exact grant to which she is entitled.

That petitioner was the innocent beneficiary of an agency mistake in calculating the amount of her grant does not alter the fact that she was awarded benefits in excess of her needs. Both Federal and New York law mandate correction of that error *(see,* 42 USC § 602 [a] [22] [A]; Social Services Law § 106-b), and recoupment is the authorized mechanism for doing so *(see, ibid., Matter of Henfield v Blum,* 92 AD2d 920; *Matter of Mayflower Nursing Home v Office of Health Sys. Mgt. of Dept. of Health,* 88 AD2d 192, 196, *affd* 59 NY2d 935).

Nor is there merit in the suggestion that recovering now a portion of the excess assistance paid earlier devalues petitioner's labor below that of regular employees performing similar work and thereby subjects petitioner to a form of involuntary servitude in violation of the US Constitution, 13th Amendment, § 1. While it is indeed so that a public assistance recipient who performs services as a precondition to a grant is considered to have earned the funds as wages *(Matter of Walker v Shang, 66 AD2d 6, 16)*, here petitioner has received payment through public assistance, at no less than the minimum wage, for every hour devoted to earning both the excessive grant and later the reduced grant. And Rensselaer County, having paid at the lawful rate for all the services supplied, cannot be said to have been unjustly enriched thereby *(cf. Matter of Walker v Shang, supra)*.

■ On appeal, petitioner, for the first time, advances an argument premised on the Federal right to equal protection. Her explanation that this issue arose "not out of the recoupment itself, but in consequence of the implications contained in [the Commissioner's] defense"—asserted in the Commissioner's answer—ignores the express mandate of CPLR 7804 (d) that "there shall be a reply to a new matter in the answer". By failing to serve a reply, petitioner waived the right to press this point on appeal *(see, Antone v General Motors Corp., Buick Motor Div., 64 NY2d 20, 31; Arnold v New York City Condominiums Corp., 88 AD2d 578, 579)*.

■ The substance of her disaffection, and claim of discrimination, is DSS's policy of reclaiming overpayments made to those who are still receiving public assistance but in not always doing so with respect to those no longer in need of aid. The "strong, defined public policy of this State to recover public funds improperly received" *(Matter of Cortlandt Nursing Home v Axelrod, 66 NY2d 169, 182)* provides ample and legitimate justification for the concept of recoupment. And since recouping overpayments from former recipients is beset with far more difficulty and accompanying public expense than that occasioned by the much simpler process used to recoup from current recipients, the distinction in treatment between them has a definably rational and constitutionally harmonious basis *(see, Matter of Davis, 57 NY2d 382, 389)*.

KANE, J. P., MAIN, LEVINE and HARVEY, JJ., concur.

Judgment affirmed, without costs.