[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
In this case the plaintiff has sued the defendant school in a two-count complaint. The first count alleges the failure of the defendant to award the plaintiff a diploma constitutes a breach of contract. The second count alleges that members of plaintiff's staff made "negligent misrepresentations" as to his ability to receive a diploma while accepting early admission to Baylor University.
Both sides agree that the first count is based on the doctrine of promissory estoppel. The doctrine is set forth as both sides note in the Restatement (Second) Contracts Section 90, also see 28 Am.Jur.2d Estoppel § 218, 31 CJS Estoppel § 67. Connecticut has certainly accepted the general principles on which such a claim for relief is grounded, D'Ulisse-Cupo v. Board of Directors of Notre DameHigh School, 202 Conn. 206, 213 (1987), Hebrew UniversityAssn v. Nye, 148 Conn. 223, 232 (1961).
A claim of promissory estoppel requires a clear and unambiguous promise which a promisor could reasonably have expected to induce reliance. The promisee must also have relied on the promise. A promisor is not liable to a promisee who has relied on a promise if, judged by objective standards, he has no reason to expect any reliance. Also promissory estoppel requires reasonable reliance upon the promise D'Ulisse-Cupo v. Board ofDirectors Casualty Co., 202 Conn. 190, 205 (1987). defendant claims the undisputed facts establish here that CT Page 10143 the breach of contract/estoppel claim is deficient. The defendant relies on a letter of August 12, 1990 which was written by the plaintiff to the headmaster. The letter refers to a conversation he had with the Baylor Director of Admissions "a week ago", he refers to a conversation with that person. In that conversation the plaintiff said he was told he could 90 to the school despite missing a certain deadline if he "could guarantee [his] presence on campus for the beginning of the Fall semester." The plaintiff then says "I agreed to this condition and he accepted me. In one week I will begin my college career as a Baylor student . . .". He then goes on to discuss his "formal proposal" for being awarded a diploma by the defendant. He also notes financial concerns and the chance to save a year of tuition was a "key factor" in his decision and these concerns played a "major role" in his decision,
The defendant argues that this letter reflects that as of the date it was written the plaintiff had already been accepted in college so that the plaintiff can't claim any purported assurances by defendant's administrators regarding a diploma led him to leave Hotchkiss and enter Baylor; in fact financial pressures led him to accept early college admission. Thus, argues the defendant, the plaintiff can't establish "any reliance or change of position based upon the supposed assurance of (the defendants') administrators involving a possibility of receiving a diploma. . . . Finally, any reliance if it were to be established couldn't be held to be reasonable since published academic policies and school course listings which the plaintiff was aware of make clear that he was ineligible for a diploma from the defendant. The defendant places great reliance on Shields v. School of Law, HofstraUniversity, 431 N.Y.S.2d 60 (1990) which rejects an estoppel claim by a student seeking reinstatement to a law school. In facts not directly related to the factual allegations in this case the court said the plaintiff's claim was insufficient because "it fails to sufficiently allege prejudice, an essential element of estoppel", id. at page 62.
Before deciding this matter a few general principles should be stated. A court should not be reluctant to grant motions for summary judgment when such action is CT Page 10144 appropriate. The whole purpose of allowing this procedure is to remove non-meritorious matter from already crowded dockets and save time and money for lawyers and people who would otherwise have to appear in court to prosecute or defend matters which shouldn't have been there in the first place.
On the other hand in ruling on such a motion the trial court has to determine whether an issue of fact exists; if it does the court cannot try that issue, McCollv. Pataky, 160 Conn. 457, 459 (1971). Failure to obey this rule would defeat the right of people to have access to the courts and basic rights to a jury trial and a due process forum to litigate their claims and defenses.
The difficulty I see with granting this motion is presented by three paragraphs of the plaintiff's deposition submitted with his brief. He says
 "5. I discussed my concerns with Dr. Hagerman on or about August 10, 1990 about receiving any Hotchkiss diploma. Dr. Hagerman assured me that precedents had been set for the awarding of Hotchkiss diplomas to students who were short the required credits. Dr. Hagerman encouraged me to accept Baylor's offer.
 6. Dr. Virden who was then my Hotchkiss College Counsellor also encouraged me to accept the Baylor offer.
 7. Confident in the knowledge that I would receive my Hotchkiss diploma, I entered Baylor University in the Fall of 1990."
Nothing has been presented to the court to indicate that if the plaintiff had decided not to enter Baylor despite having been accepted that he could not have resumed his studies at Hotchkiss. No affidavit was submitted by Dr. Hagerman contesting the plaintiff's allegations in his affidavit. Dr. Virden's letter and affidavit didn't allude to them. The defendant has not argued that if the representations allegedly made on August 10 were made the could not defeat an estoppel claim despite the fact that such representations might otherwise be contrary to the CT Page 10145 school's regulations and policies regarding the granting of diplomas. The only thing the plaintiff says on that score is that such reliance wouldn't be "reasonable." But in fact there is a factual issue as to whether if there in fact was reliance, the question as to whether it was "reasonable" should be decided by a jury not a court. This will be commented on later in this opinion when theShields case is discussed.
Although it is not clearly articulated what I believe the plaintiff claims is that despite having accepted Baylor's early entry offer, he would not in fact have entered Baylor if he had known that, despite representations made to him, he could not receive a Hotchkiss diploma. I cannot say the pleadings and material submitted don't raise that factual issue and since it is raised I can't decide it. The motion for summary judgment should not be granted on the first count.
In accordance with similar reasoning the motion is denied as to the second count. Again the defendant argues that the claim under this count must fail because the plaintiff has not shown any "detrimental reliance." Again the plaintiff has raised a factual issue on this score. Referring to a matter discussed as to the First Count which raises the same issue, I don't know how I can decide whether any reliance was not reasonable based on the record before me. This case is different from Shields in that the alleged "assurances" given to the plaintiff here by Hagerman did not as in Shields purport to define a policy (there the effect of a failing grade) which clearly violated promulgated policy. Here the plaintiff alleges in effect that Dr. Hagerman, although referencing the stated policy regarding credit requirements, told the plaintiff those requirements had been waived in the past and other students had been allowed to receive diplomas with less credits than set forth in promulgated policies. It won't do to say given the nature of such an allegation that the plaintiff had no right to rely on such an assurance but should have been guided solely by what written school policy dictated. In Shields the court's discussion wanders somewhat and notes that one of the plaintiff's arguments is that she would have appealed her failing grade if she hadn't been assured writing a satisfactory paper would have allowed her reinstatement. The court somewhat confusingly CT Page 10146 said that there was no right to appeal the grade in the school policy so she gave up nothing by failing to do so but then goes on to that in say any event appealing the grade and writing the paper were not so mutually exclusive that deciding to do the latter precluded her from doing the latter. Not only is Shields fact biased but it does not really clearly deal with the issue of the authority of a particular faculty member to give any assurances which differ from set policy insofar as it affects an estoppel claim.[1] The plaintiff hasn't directly raised this question. so the motion is denied as to both counts.
Corradino, J.