**Simmons v Baccarat Inc.**

2025 NY Slip Op 32281(U)

June 23, 2025

Supreme Court, New York County

Docket Number: Index No. 651516/2023

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 41M

-----------------------------------------------------------------------------------X

WARD SIMMONS,

Plaintiff,

- v -

BACCARAT INC.,JIM SHREVE, MARSHA SALMON,
MIRIAM VALES

Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651516/2023 |
| **MOTION DATE** | 06/05/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. NICHOLAS W. MOYNE:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16

were read on this motion to/for _____ DISMISS _____.

Upon the foregoing documents, it is

The plaintiff, Ward Simmons ("Plaintiff"), commenced this action alleging claims of sexual harassment, hostile work environment, and retaliation under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") against Defendants Baccarat Inc. ("Baccarat"), Marsha Salmon ("Salmon"), and Miriam Vales ("Vales") (collectively, the "Moving Defendants"). The Moving Defendants have moved to dismiss the Verified Complaint in its entirety and with prejudice pursuant to CPLR 3211(a)(7) for failure to state a cause of action and CPLR 3211(a)(8) for lack of personal jurisdiction over individual defendants Salmon and Vales. Defendant Jim Shreve has filed an Answer.

Plaintiff Ward Simmons was employed by Baccarat as its Senior Vice President of Marketing, Advertising, PR, and Visual in North America from 2017 until his termination in November 2022. Plaintiff alleges he was terminated after making internal complaints about Jim Shreve ("Shreve"), Baccarat's CEO, regarding alleged racist conduct, sexual harassment, and bullying. The plaintiff asserts he reported these concerns to Salmon, Baccarat's Human Resources head, and Vales, Baccarat's Chief Financial Officer. The termination allegedly occurred after a complaint was filed against Plaintiff by his subordinate, Alana Krutoyarsky, whom Plaintiff had also reported for performance and conduct issues.

The Moving Defendants argue that the complaint fails to plead sufficient facts to support any of the plaintiff's claims, specifically highlighting the absence of allegations that the plaintiff experienced differential treatment based on a protected characteristic, or that he engaged in protected activity. They further contend that the complaint lacks any basis for exercising

651516/2023   SIMMONS, WARD vs. BACCARAT INC. ET AL
Motion No.  001

Page 1 of 6

1 of 6

[* 1]

personal jurisdiction or imputing personal liability against individual defendants Salmon or Vales.

On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the Court must afford the complaint a liberal construction, accept the allegations as true, and grant the plaintiff the benefit of every favorable inference (*see Cortlandt St. Recovery Corp. v Bonderman*, 31 NY3d 30 [2018]). However, "[a]llegations consisting of bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by documentary evidence are not presumed to be true [or] accorded every favorable inference." (*Biondi v Beekman Hill House Apt. Corp.*, 257 AD2d 76, 81 [1st Dept 1999])

Employment discrimination cases are reviewed under notice pleading standards, so that a plaintiff need not plead specific facts establishing a prima facie case of discrimination "but need only give 'fair notice' of the nature of the claims and its grounds." (*Vig v New York Hairspray Co., L.P.*, 67 AD3d 140, 145 [1st Dept 2009]). Therefore, in determining a motion to dismiss the court does not consider whether a plaintiff can ultimately establish its allegations (*see EBC I Inc. v Goldman Sachs & Co.*, 5 NY3d 11, 19 [2005]). Although a complaint may be inartfully drawn or illogical, the court must deem it to allege whatever can be implied from its statements by fair and reasonable intendment (*see Shields v School of Law. Hofstra Univ.*, 77 AD2d 867, 868 [2d Dept 1980]). The Court's inquiry is limited to determining whether the complaint states any cause of action, not whether there is evidentiary support for it. (*see Rovello v Orofino Realty Co., Inc.*, 40 NY2d 633, 635-636 [1976]). Pleadings under the NYCHRL in particular , must be construed broadly in favor of discrimination plaintiffs (*see Morales v Triborough Podiatry, P.C.*, 184 AD3d 754, 755 [2d Dept 2020]).

For a motion to dismiss for lack of personal jurisdiction under CPLR 3211(a)(8), as the party seeking to assert personal jurisdiction, the plaintiff bears the burden of proof on this issue (*see O'Brien v Hackensack Univ. Med. Ctr.*, 305 AD2d 199, 200 [1st Dept 2003]).

**DISCUSSION**
**I. Plaintiff Fails to State a Claim for Sexual Harassment and Hostile Work Environment (Counts 1-4)**

The Moving Defendants correctly assert that the complaint fails to state a claim for sexual harassment or hostile work environment under either the NYSHRL or NYCHRL. Even under the liberal pleading standards discussed above, the threshold requirement for such claims is that a plaintiff must allege that the adverse employment action or alteration in employment occurred under circumstances giving rise to an inference of discrimination based on the plaintiff's membership in a protected class (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]; *Morales*, 184 AD3d at 755). The complaint contains an extensive recitation of allegedly improper and hostile actions taken against the plaintiff by Shreve and Krutoyarsky but there is nothing in the complaint which indicates that any of the complained-of actions were taken against the plaintiff based on his membership in any protected class. Indeed, there is no mention in the complaint itself of any purported protected class that the plaintiff might be a member of.

651516/2023 SIMMONS, WARD vs. BACCARAT INC. ET AL Page 2 of 6
Motion No. 001

2 of 6

The plaintiff's assertion that he is a "gay man" and that he was "exposed to sexually harassing conduct due to his sexual orientation" is referenced for the first time in his attorney's memorandum of law in opposition to the motions to dismiss. Also raised for the first time in the opposition memorandum of law are claims that the plaintiff experienced "unwanted" conduct by Shreve and "was exposed to sexually harassing conduct due to his sexual orientation." None of these allegations are plead in the complaint. While a court may freely consider affidavits submitted by the plaintiff himself to remedy any defects in the complaint, a memorandum of law written by counsel is not an affidavit and is not proof or evidence supporting any factual allegations pled in the complaint. Even an affirmation of the plaintiff's attorney submitted in opposition to the motion to dismiss would not be of any probative value. Here, the plaintiff failed to submit even an attorney's affirmation, let alone his own affidavit, in support of any alleged sexual harassment or hostile workplace claims. Without alleging membership in a protected class in the complaint, the plaintiff cannot establish a necessary element of his discrimination claims.

Moreover, the allegations related to "sexually-themed text messages" fail to support a claim of sexual harassment. The complaint alleges that Shreve sent the plaintiff text messages with sexualized content, but the plaintiff's own complete text exchanges, provided by his counsel, demonstrate that the plaintiff not only voluntarily participated in the text exchanges but also actively solicited sexually explicit content from Shreve. Any claims to the contrary in the complaint (of which there are none) would be flatly contradicted by the documentary evidence, mainly the text messages themselves.

Finally, many of the plaintiff's allegations relate to incidents he did not witness, or which occurred to unidentified individuals. For example, allegations that Shreve kissed an executive assistant's husband, bullied others on Zoom calls, or showed "illicit photographs" to other employees are all second-hand allegations that the plaintiff admits he did not personally witness and/or are not relevant to the plaintiff's claim of being sexually harassed. Accordingly, the plaintiff's claims for sexual harassment and hostile work environment are dismissed.

## II. Plaintiff Fails to State a Claim for Retaliation (Counts 5-6)

To state a claim for retaliation under the NYSHRL and NYCHRL, a plaintiff must allege: (1) participation in a protected activity, (2) the defendant's awareness of the protected activity, (3) the defendant took an action that disadvantaged the plaintiff, and (4) a causal connection between the protected activity and the adverse employment action (*see Harrington v City of New York*, 157 AD3d 582, 585 [1st Dept 2018]. A protected activity includes opposing or complaining about unlawful activity under the statutes (*see Forrest*, 3 NY3d at 313).

The plaintiff's alleged reports or complaints do not constitute protected activity. As discussed, the plaintiff's alleged reports concerning Shreve's text messages with him cannot be considered reports of unlawful discrimination because the complaint does not contain any allegations which suggest that the messages were reported as unlawful discrimination against the plaintiff based on his sexual orientation or any other protected characteristic. Likewise, allegations about Shreve's conduct with other unidentified individuals or observing a suggestive posture by an assistant do not constitute protected activity by the plaintiff if they were not

651516/2023  SIMMONS, WARD vs. BACCARAT INC. ET AL                                    Page 3 of 6
Motion No.  001

3 of 6

reported as unlawful discrimination against the plaintiff based on a protected characteristic. Plaintiff's complaints about Shreve's bullying and belittling behavior, or a generally "toxic work environment", are insufficient to establish protected activity. A toxic work environment is not legally actionable or equivalent to a hostile work environment unless it is alleged to be connected to a protected characteristic (*see Foster v Humane Soc'y of Rochester & Monroe Cnty, Inc.*, 724 FSupp2d 382, 395 [W.D.N.Y 2010] [dismissing retaliation claim when the plaintiff's "own allegations ... show instead that while she did complain about certain problems she was having at work, she did not complain that she was being discriminated against on account of her sex"]. The complaint fails to allege that the plaintiff reported such behavior as discriminatory based on anyone's protected characteristics.[1]  Given that the plaintiff has failed to allege facts demonstrating he engaged in protected activity prior to being terminated, his retaliation claims must be dismissed.

### III. Plaintiff Fails to State a Claim Against Salmon or Vales Individually (Personal Jurisdiction and Personal Liability)

The Moving Defendants argue that this Court lacks personal jurisdiction over Salmon and Vales, both of whom are New Jersey residents. The plaintiff bears the burden of establishing personal jurisdiction.

The complaint does not contain any allegations that would allow this Court to exercise long-arm jurisdiction under CPLR § 302 over Salmon or Vales. Plaintiff's arguments in opposition, such as Salmon taking "meetings at the New York office" or Vales and Salmon having "close control of Baccarat's operations in New York", are not pled or alleged in the complaint. A plaintiff's attorney's memorandum of law is not evidence and certainly cannot be used to establish personal jurisdiction.

Furthermore, to the extent Salmon and Vales may have conducted business in New York, it was in their capacity as Baccarat employees, which generally invokes the "fiduciary shield" doctrine, meaning acts performed as a corporate fiduciary may not form the predicate for jurisdiction over them in their individual capacities (*see Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467-469 [1988]; *Marine Midland Bank , N.A. v Miller*, 664 F2d 899, 901 [2d Cir. 1981]).  While Plaintiff argues this doctrine is "not applied in New York" in cases of aiding and abetting, this exception requires specific allegations of participation in the discriminatory conduct by the individual, which are absent here.

The complaint also fails to plead any facts or allegations which would satisfy the constitutional due process requirement for personal jurisdiction, which demands "sufficient minimum contacts" with New York and that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." (*LaMarca v Pak-Mor Mfg. Co.*, 95 NY2d 210, 216 [2000]  Without specific allegations in the complaint linking Salmon and Vales

---

[1] The plaintiff also claims that on an unspecified date approximately five months before Plaintiff was terminated, Shreve allegedly told Plaintiff, "We need to focus on more white sponsorships," which Plaintiff allegedly reported on unspecified dates to Salmon and Vales. Even if that statement was arguably unlawful, there is no indication that the plaintiff ever reported it as such and there is no indication in the complaint that the plaintiff was terminated because he complained about that particular statement being unlawful or discriminatory.

**651516/2023   SIMMONS, WARD vs. BACCARAT INC. ET AL**                                    **Page 4 of 6**
  **Motion No.  001**

to purposeful activity in New York in their individual capacities that gave rise to Plaintiff's claims, these constitutional requirements are not met. Even if personal jurisdiction were established, Plaintiff has failed to allege facts supporting any theory of personal liability against Salmon or Vales under the NYSHRL or NYCHRL.

The plaintiff's general, conclusory statements that the Moving Defendants aided and/or abetted discrimination are insufficient. The argument that Salmon and Vales are liable as aiders and abettors is raised for the first time in the plaintiff's opposition memorandum of law and is not factually supported in the complaint. Aiding and abetting liability requires direct, purposeful participation and shared intent with the principal actor (*see Cerrato v Durham,* 941 F Supp 388, 396 [S.D.N.Y. 1996]; *Brice v Security Operations Systems, Inc.*, 2001 WL 185136 *4 [S.D.N.Y. 2001]). Merely receiving complaints without acting on them does not automatically indicate condonation, let alone aiding or abetting discrimination. The complaint does not contain allegations of direct participation by Salmon or Vales in any discriminatory or retaliatory conduct against the plaintiff. The specific allegations against Salmon are that the plaintiff reported to Salmon his concerns about Krutoyarsky's request for a hug and performance issues. The allegations against Vales include reports about Shreve's assistant's suggestive behavior and a comment Shreve allegedly made about another employee having a small penis. The plaintiff also reported Shreve's "white sponsorships" comment to both Salmon and Vales. None of these allegations demonstrate that Salmon or Vale participated in any conduct giving rise to a discrimination claim. Receiving information about a supervisor's difficulty managing a subordinate or receiving reports about a "white sponsorships" comment not connected to employee discrimination, does not subject Salmon or Vales to personal liability under the State or City Human Rights Laws. Therefore, the plaintiff has failed to establish a basis for personal liability against Salmon or Vales.

**CONCLUSION**

Based on the foregoing, the complaint fails to state any cognizable claims against the Moving Defendants. The plaintiff has not adequately pleaded membership in a protected class or characteristic or that the alleged conduct was discriminatory or unwelcome based on such a characteristic. He has also failed to allege that he engaged in any protected activity for purposes of his retaliation claims. Finally, Plaintiff has failed to establish personal jurisdiction or personal liability against individual defendants Salmon and Vales.

Accordingly, it is hereby

**ORDERED** that the motion by Defendants Baccarat Inc., Marsha Salmon, and Miriam Vales to dismiss the Verified Complaint as against them is GRANTED in its entirety; and it is further

**ORDERED** that the Verified Complaint is hereby dismissed as against Defendants Baccarat Inc., Marsha Salmon, and Miriam Vales.

**651516/2023   SIMMONS, WARD vs. BACCARAT INC. ET AL**
**Motion No.  001**

**Page 5 of 6**

This constitutes the decision and order of the Court.

2025062312307NWMOYNE8492C9C045B646D28ACC5601F842D2C3

__6/23/2025__
__DATE__

__NICHOLAS W. MOYNE, J.S.C.__

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

651516/2023   SIMMONS, WARD vs. BACCARAT INC. ET AL
Motion No.  001

Page 6 of 6

6 of 6

[* 6]