■ In the Matter of GLENGARIFF HEALTH CARE CENTER, Petitioner, v MARY E. GLASS, Respondent. [647 NYS2d 998] —Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent State Commissioner of Social Services, dated October 21, 1994, following a statutory fair hearing, which affirmed a determination of the local agency denying the application of Maurice Seligson for medical assistance.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner, the attorney-in-fact for the Administrator of the Estate of Maurice Seligson, commenced the instant proceeding to annul a determination of the Commissioner of the State Department of Social Services (hereinafter the Commissioner), made after a statutory fair hearing, which found that the Commissioner was without jurisdiction to review a determination of the Nassau County Department of Social Services denying Seligson's application for Medicaid benefits. The

Commissioner determined that she lacked jurisdiction because the fair hearing was not requested within the 60-day limitations period provided in Social Services Law § 22 (4).

The fair hearing record established that Maurice Seligson's son, Howard Seligson, filed two applications for medical assistance on behalf of his father—one on September 1, 1992, and the other on October 18, 1993. While Howard Seligson did not sign the 1992 application, his name, address, and phone number were listed under the section entitled, "Another Phone Where You Can Be Reached", he participated in the County "NeeDSS" interview on September 23, 1992, and he requested an extension to gather the necessary information for processing the application. Therefore, contrary to the petitioner's contention, the Commissioner's conclusion that Howard Seligson had filed the application for medical assistance on behalf of his father was supported by substantial evidence (see, *300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176).

Inasmuch as neither the "applicant" (18 NYCRR 358-2.7) nor the "recipient" (18 NYCRR 358-2.18) requested a fair hearing within 60 days after they received notice of the denial of eligibility, the Commissioner was effectively deprived of jurisdiction to review the present claims (see, *Matter of Samperi v Kramer*, 49 AD2d 979).

Furthermore, the record did not establish a sufficient basis for tolling the 60-day limitations period (compare, *Matter of Zellweger v New York State Dept. of Social Servs.*, 74 NY2d 404).

We have considered the petitioner's remaining contentions and find them to be without merit. Copertino, J. P., Goldstein, McGinity and Luciano, JJ., concur.