■ In the Matter of FIELDSTON LODGE NURSING HOME, Petitioner, v BARBARA A. DEBUONO, as Commissioner of the New York State Department of Health, et al., Respondents. [690 NYS2d 606] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Health· (hereinafter the Commissioner), dated May 29, 1997, that she lacked jurisdiction to review a determination of the Putnam County Department of Social Services dated March 8, 1990, which discontinued Medicaid benefits for Irene Rimali.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Where a fair hearing is not requested within 60 days after receipt of the notice of discontinuance of Medicaid benefits, the Commissioner is effectively deprived of jurisdiction to review

any challenge to the discontinuance (*see, Matter of Glengariff Health Care Ctr. v Glass,* 231 AD2d 717). While a defective notice tolls the 60-day period (*see, Matter of Zellweger v New York State Dept. of Social Servs.,* 74 NY2d 404), there is no basis to toll the statutory period in this case.

The evidence supports the Commissioner's determination that Rimali's son and daughter-in-law, who had successfully applied for Medicaid benefits on behalf of Rimali, were her recognized representatives, and the proper parties to receive the notice of discontinuance of Medicaid benefits (*see,* Social Services Law § 22 [12]). The notice complied with 18 NYCRR 358-2.2 (a) (13) by setting forth "information concerning the availability of community legal services to assist an applicant or recipient at the conference and fair hearing", and we note that it also included instructions and a general help number to call, *inter alia,* for assistance in contacting the Legal Aid Society.

Accordingly, the determination of the respondent Commissioner of the New York State Department of Health that the request for a fair hearing was untimely, and she therefore lacked jurisdiction to review a determination of the Putnam County Department of Social Services which discontinued Medicaid benefits for Irene Rimali is supported by substantial evidence in the record (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur.