■ In the Matter of KENT AVENUE BLOCK ASSOCIATION et al., Petitioners, v NEW YORK CITY BOARD OF STANDARDS AND AP-

PEALS et al., Respondents. [721 NYS2d 498] —Determinations of respondent New York City Board of Standards and Appeals (BSA) dated January 19, 1999 and November 16, 1999, which approved the applications of the developer respondents to construct residential housing in an area zoned for manufacturing use, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Sheila Abdus-Salaam, J.] entered on or about May 12, 2000), dismissed, without costs.

Initially, insofar as a determination of a zoning board, such as that of respondent BSA in the present case, is an administrative rather than quasi-judicial proceeding (*Matter of Sasso v Osgood*, 86 NY2d 374, 384, n 2), and as such required judicial review in Supreme Court, this matter was improperly transferred to us. Nevertheless, in the interest of judicial economy, we will decide the matter on its merits (*Matter of Supkis v Town of Sand Lake Zoning Bd. of Appeals*, 227 AD2d 779, 780). Having done so, we confirm. Petitioners are various residents of the Williamsburg section of Brooklyn where a developer sought and acquired a variance to construct residential units in an area zoned M1-2 to allow light-medium manufacturing uses. They raise numerous challenges to the variance under the five-part test set forth in New York City Zoning Resolution § 72-21. However, under the standards articulated by the Court of Appeals in *Matter of SoHo Alliance v New York City Bd. of Stds. & Appeals* (95 NY2d 437, 442), "it cannot be said that there was an absence of substantial evidence to support the Board's findings as to each of the five requirements necessary to issue the proposed use variances here." Concur—Nardelli, J. P., Tom, Andrias, Buckley and Friedman, JJ.,