■ In the Matter of TORRI ASSOCIATES, Petitioner, v JAMES CHIN et al., Respondents. [723 NYS2d 359] —Determination of respondent New York City Board of Standards and Appeals (BSA), dated October 12, 1999, which approved the application of developer respondents for a zoning variance to construct a five-story plus penthouse commercial building, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Sheila Abdus-Salaam, J.], entered November 16, 2000), dismissed, with one bill of costs to 218 East 59th Associates, L. L. C. and D & D 59th Street Building Company, L. L. C., payable by petitioner.

As an initial matter, the determination of respondent BSA here was administrative rather than quasi-judicial (*see, Matter of Sasso v Osgood*, 86 NY2d 374, 384, n 2) and, thus, should have been reviewed, and not transferred, by Supreme Court (*see, Matter of Kent Ave. Block Assn. v New York City Bd. of Stds. & Appeals*, 280 AD2d 423). We nonetheless decide the

matter on the merits in the interest of judicial economy (*see, Matter of Kent Ave. Block Assn., supra*; *Matter of Supkis v Town of Sand Lake Zoning Bd. of Appeals*, 227 AD2d 779, 780).

The zoning board's determination may not be set aside unless the record reveals illegality, arbitrariness or an abuse of discretion, and will be sustained if it has a rational basis and is supported by substantial evidence (*see, Matter of SoHo Alliance v New York City Bd. of Stds. & Appeals*, 95 NY2d 437, 440). Despite petitioner's numerous challenges, "it cannot be said that there was an absence of substantial evidence to support the Board's findings as to each of the five requirements necessary to issue the proposed * * * variances here" (*id.* at 442). Accordingly, the challenged determination must be confirmed. Concur—Sullivan, P. J., Andrias, Ellerin, Rubin and Buckley, JJ.