■ In the Matter of MERCEDES FELIZ et al., Respondents, v BRIAN J. WING et al., Appellants. [729 NYS2d 13] —Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered February 3, 2000, which granted the petition pursuant to CPLR article 78 to vacate and reverse so much of the State respondents' Decision After Fair Hearing, dated December 3, 1998, as affirmed the determination of the New York City Human Resources Administration (HRA), dated October 5, 1998, to discontinue public assistance to petitioner and her granddaughters, remanded for further proceedings with respect to petitioner Mercedes Feliz's public assistance, required that all benefits not paid to Mariel and Ileana Mejia during the period their grandmother's case was closed be calculated and paid within 60 days, and held that petitioner's counsel were entitled to attorneys' fees pursuant to 42 USC § 1988 (b), and which brings up for review an order, same court and Justice, entered February 9, 2000, which denied respondents' cross motion to dismiss the petition pursuant to CPLR 3211 (a) (1) upon the ground that petitioner failed to name HRA as a necessary party, unanimously modified, on the law, to the extent of ordering that the restoration of public assistance to all petitioners continue pending determination of the new fair hearing directed herein, and otherwise affirmed, without costs.

Preliminarily, the article 78 court properly denied respondents' cross motion to dismiss for failure to join HRA as a necessary party. The instant proceeding challenges the State respondents' fair hearing and the propriety of the State respondents' determination affirming HRA's discontinuance of public assistance benefits. HRA must comply with the ultimate resolution of this matter by the State respondents in the aftermath of the instant litigation and, accordingly, its joinder is unnecessary to afford complete relief (see, Matter of Thomasel v Perales, 78 NY2d 561, 570). Nor have respondents identified any interest of HRA that would be inequitably affected by the failure to join it in this proceeding. Furthermore, since the instant proceeding does not raise a substantial evidence issue, transfer to this Court pursuant to CPLR 7804 (g) was properly denied.

The article 78 court properly vacated respondents' Decision After Fair Hearing (DAFH) and remanded for further proceedings upon the ground that the hearing conducted before the Administrative Law Judge (ALJ) did not conform with due pro-

cess requirements. As the record demonstrates, the brevity of the hearing and the ALJ's complete failure to develop the testimony presented by the *pro se* petitioner effectively deprived her of her right to a fair hearing (*see, Matter of Schnurr v Perales*, 115 AD2d 740). In rendering its decision finding a violation of due process, the article 78 court did not second-guess the ALJ's credibility determinations, and its consideration of documents dehors the fair hearing record was proper since the documents were offered by petitioner solely to substantiate her claims of prejudice attributable to the cited due process violations. Since petitioner demonstrated that respondents violated her constitutional due process rights, the article 78 court properly exercised its discretion to award petitioner attorneys' fees (*see, Matter of Thomasel v Perales, supra*, at 567-569). While respondents assert that the ALJ's error would not support an award for attorneys' fees under *Monell v Department of Social Servs.* (436 US 658), we decline to consider this argument as it is raised for the first time on appeal.

Although we agree that petitioner's due process rights were violated, we disagree with the court's additional holding that respondents' affirmance of HRA's closing of petitioner's case was arbitrary and capricious because there was no legal basis to terminate her family's public assistance based upon her failure to attend the employability appointment at the Office of Employment Services. The agency's determination that willful failure by petitioner to attend her employability appointment would constitute grounds to discontinue her public assistance case pursuant to 18 NYCRR 351.21 and 351.22, was rational and accordingly deserving of deference by the article 78 court (*see, Matter of Howard v Wyman*, 28 NY2d 434, 438). Concur— Nardelli, J. P., Williams, Tom, Lerner and Friedman, JJ.