■ In the Matter of HEATHER DUNCAN, Appellant, v JOEL KLEIN, as Chancellor of the New York City Department of Education, Respondent. [832 NYS2d 188]—

Order and judgment (one paper), Supreme Court, New York County (Paul G. Feinman, J.), entered May 30, 2006, which denied petitioner's application to annul the determination of respondent Chancellor of the New York City Department of Education revoking petitioner's certification as a school bus escort, unanimously affirmed, without costs.

The Office of Pupil Transportation found that petitioner hit a student with her umbrella and recommended that her school bus escort certification be revoked; the subsequent hearing conducted by the "disciplinary conference" pursuant to the Chancellor's Regulation C-100 found that there was a "pulling/pushing match" over the umbrella that was "unprofessional and unsafe" and recommended that the penalty be reduced to a suspension for the time already served with no back pay; the subsequent determination of the Chancellor accepted the former recommendation and rejected the latter. Since the disciplinary conference was not conducted pursuant to the constitution or any statute, it was properly reviewed under the arbitrary and capricious rather than substantial evidence standard (*see Matter of Von Gizycki v Levy*, 3 AD3d 572, 574 [2004]). Applying that standard, the record provides a rational basis for disbelieving petitioner's version of the facts, and finding instead that she actively hit the student and was not merely defending herself. The penalty of revocation does not shock our conscience (*see Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]). Concur—Saxe, J.P., Nardelli, Buckley, Gonzalez and Sweeny, JJ.