Determination of respondent New York City Loft Board, dated November 16, 2006, finding that the fourth-floor loft at 97 Wooster Street in Manhattan is subject to rent regulation despite the sale of improvements by a former tenant of the loft to a former owner of the building, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme *332 Court, New York County [Emily Jane Goodman, J.], entered June 25, 2007), dismissed, without costs.
Substantial evidence supports the finding that the former tenant sold the former owner only the improvements, and not the rights, to the loft (see generally Herlihy v New York City Loft Bd., 26 AD3d 184, 185 [2006]). Moreover, while petitioner contends that there was a sale of the rights to the loft and that that sale satisfied the criteria of 29 RCNY 2-10 and thus served to deregulate the loft, the evidence indicates that petitioner never filed a record of any such sale with the Loft Board, as required by 29 RCNY 2-10.
While the Loft Board incorrectly found that a 1997 stipulation between intervenor-respondent Tomko, the current tenant of the loft, and the former owner of the building confers rent regulated status on the loft (see 546 W. 156th St. HDFC v Smalls, 43 AD3d 7, 12 [2007]), it correctly found that Tomko is entitled to rent regulated status pursuant to 29 RCNY 2-09 (b) (3) (i).
Contrary to its contention, petitioner had adequate time to prepare for the hearing and an adequate opportunity to be heard. There is no indication that petitioner was prejudiced by the expedited hearing schedule (compare Green v New York City Police Dept., 34 AD3d 262 [2006], with Matter of Feliz v Wing, 285 AD2d 426, 426-427 [2001], lv dismissed 97 NY2d 693 [2002]). Concur—Tom, J.E, Andrias, Friedman, Catterson and Acosta, JJ.