■ In the Matter of NINA BERMAN, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Respondent. [967 NYS2d 68]—

Determination of the New York State Office of Temporary and Disability Assistance, dated June 8, 2011, which, after a fair hearing, affirmed a decision of the New York City Human Resources Administration/Department of Social Services (NYCDSS) to discontinue petitioner's public assistance benefits for 180 days, and not provide her with transportation reimbursement or a restaurant allowance, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Alice Schlesinger, J.], entered on or about December 21, 2011), dismissed, without costs.

Although petitioner failed to sue any proper respondent, instead bringing this proceeding against the nonexistent "New York State Department of Social Services," the New York State Attorney General has appeared and does not seek dismissal of the proceeding on this ground, and NYCDSS is not a necessary party (*see Matter of Feliz v Wing*, 285 AD2d 426, 426 [1st Dept 2001], *lv dismissed* 97 NY2d 693 [2002]).

On the merits, the determination to discontinue petitioner's public assistance benefits is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-182 [1978]). Indeed, petitioner, who failed to comply with at least two other employment requirements, testified that she failed to appear on the first day of her March 2011 work assignment (*see* Social Services Law § 342 [3] [c]). Petitioner did not have "good cause" for her absence from work (*id.* § 342 [1]). Further, once petitioner's employment ended in December 2010, NYCDSS was not required to give her transportation benefits (*see id.* § 332-a; 18 NYCRR 385.4). Nor was petitioner entitled to a restaurant allowance, since she

testified that she had a stove and refrigerator and was able to "make small dishes" (*see* 18 NYCRR 352.7 [c]). Petitioner failed to preserve her procedural arguments (*see Matter of Ortiz v Carrión*, 105 AD3d 490 [1st Dept 2013]). Concur—Acosta, J.P., Saxe, Renwick, Richter and Clark, JJ.