■ In the Matter of AUDREY MOORE, Appellant, v JOHN B. RHEA et al., Respondents. [974 NYS2d 413]—

Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered July 31, 2012, denying the petition to annul respondent's determination, dated November 16, 2011, which terminated petitioner's tenancy on the ground of chronic rent delinquency, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Respondent's determination that petitioner was chronically delinquent in the payment of rent was rationally based on the record (*see Matter of Partnership 92 LP & Bldg. Mgt. Co., Inc. v State of N.Y. Div. of Hous. & Community Renewal*, 46 AD3d 425, 428 [1st Dept 2007], *affd* 11 NY3d 859 [2008]). A rent ledger showed that, between June 2010 and October 2011, petitioner paid rent in only a single month, and that, during this time, her outstanding rent balance grew from an initial deficit of $355.70 to a final balance of $2,591.20.

Petitioner's contentions that the Hearing Officer failed to comply with, or give adequate consideration to, a number of the tenancy termination provisions set forth in respondent's management manual are unpreserved, as she raised these arguments neither at the administrative hearing (*see Matter of Torres v New York City Hous. Auth.*, 40 AD3d 328, 330 [1st Dept 2007]) nor before Supreme Court (*see Logiudice v Logiudice*, 67 AD3d 544, 545 [1st Dept 2009]). Assuming without deciding that they apply in this type of proceeding, we would find them unavailing, as respondent made extensive efforts to secure payment prior to initiating termination proceedings.

Petitioner did not present evidence which would have established a defense of breach of the warranty of habitability. Nor did the "Hearing Officer have an obligation to develop the record on petitioner's behalf, even though she was pro se" (*Matter of Rivera v New York City Hous. Auth.*, 107 AD3d 404, 405 [1st Dept 2013]).

Petitioner's argument that the Hearing Officer acted arbitrarily in denying her request for reconsideration also fails. Petitioner has not pointed to any rule or regulation that would entitle her to request administrative reconsideration of a final agency determination. In any event, even under the standards governing judicial reconsideration, reargument was not warranted, since the fact that petitioner might have become current with her rent subsequent to the hearing would not negate the determination, based on the evidence presented at the hearing, of chronic rent delinquency (*see Rivera* at 405).

The penalty imposed does not shock our sense of fairness (*see Matter of Devins v New York City Hous. Auth.*, 92 AD3d 581, 582 [1st Dept 2012]).

We have considered petitioner's remaining contentions, including that she was deprived of procedural due process, and find them unavailing. Concur—Tom, J.P., Andrias, Friedman, Freedman and Clark, JJ.