■ In the Matter of BETTY PAGAN, Petitioner, v JOHN B. RHEA et al., Respondents. [998 NYS2d 167]—

Determination of respondents, dated January 23, 2013, which, after a hearing, terminated petitioner's public housing tenancy upon a finding that she violated an exclusion stipulation, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Tanya R. Kennedy, J.], entered Aug. 30, 2013), dismissed, without costs.

Petitioner contends that she did not receive a fair hearing and that the penalty is disproportionate to the offense. Since she raises no substantial evidence issue, this proceeding was transferred to this Court pursuant to CPLR 7803 (4) erroneously (see Matter of Feliz v Wing, 285 AD2d 426, 426 [1st Dept 2001], lv dismissed 97 NY2d 693 [2002]; Matter of Kerney v Hernandez, 60 AD3d 544, 544 [1st Dept 2009]). However, in the interest of judicial economy, we will decide the matter on its merits (Matter of Kent Ave. Block Assn. v New York City Bd. of Stds. & Appeals, 280 AD2d 423 [1st Dept 2001], lv denied 96 NY2d 715 [2001]).

Petitioner contends that she cannot understand or speak English and that the Housing Authority failed to provide adequate translation services for her. However, the record indicates that petitioner understood the proceeding and that the translation provided was accurate and complete (see People v Perez, 198 AD2d 446 [2d Dept 1993], lv denied 82 NY2d 929 [1994]; Matter of Lizotte v Johnson, 4 Misc 3d 334, 341-342 [Sup Ct, NY County 2004]).

Petitioner contends that the hearing officer failed to develop the record and elicit testimony regarding several important mitigating factors, i.e. her health, her emotional state, her nearly 30-year unblemished tenancy, and whether the excluded person continued to pose a threat to the other residents. However, notwithstanding that petitioner represented herself at the hearing, the hearing officer was not obligated to develop the record for her (see Matter of Moore v Rhea, 111 AD3d 445, 445 [1st Dept 2013]). The hearing officer explained the procedures

to petitioner, answered her questions and clarified his answers when petitioner indicated that she did not understand, and repeatedly stated that petitioner had the right to ask questions of the Housing Authority's witness and to call her own witnesses (*compare Feliz v Wing*, 285 AD2d at 427).

We reject petitioner's argument that the penalty of termination of her tenancy is excessive. Petitioner claims certain mitigating factors, but she "is not [for example] caring for disabled children, foster children, or grandchildren" (*see Matter of Romero v Martinez* (280 AD2d 58, 64 [1st Dept 2001], *lv denied* 96 NY2d 721 [2001]). Nor does the fact that termination of her tenancy will create a hardship for her render the penalty shocking to the conscience (*Matter of Whitted v New York City Hous. Auth.*, 110 AD3d 447, 448 [1st Dept 2013]). The excluded person's criminal activity is serious, and the stipulation's provision that her presence in the apartment will result in the termination of petitioner's tenancy is clear (*see Matter of Gibbs v New York City Hous. Auth.*, 82 AD3d 412 [1st Dept 2011]).

In light of the above, petitioner's motion for a temporary restraining order is academic. Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Manzanet-Daniels, JJ.