■ In the Matter of CAROLYN HAIRSTON, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [40 NYS3d 115]—

Determination of respondent, dated March 2, 2015, which terminated petitioner's tenancy upon a finding that she was chronically delinquent in making rent payments, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Shlomo Hagler, J.], entered December 1, 2015), dismissed, without costs.

Substantial evidence supports the finding of chronic rent delinquency, given the record of petitioner's rent history, and her admission that she failed to pay her rent when due (*see Matter of Rodriguez v New York City Hous. Auth.*, 84 AD3d 630 [1st Dept 2011]). Petitioner's claim that respondent did not properly credit her rent payments, relying on a Pay-O-Matic report that she submitted with her motion for poor person relief, cannot be considered by this Court, as she failed to submit this document at the administrative proceeding (*see Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]). Furthermore, petitioner's claim that she did not need to pay her rent because respondent did not make repairs and failed to provide unspecified services, also was not raised at the administrative hearing and therefore is unpreserved (*see Matter of Moore v Rhea*, 111 AD3d 445 [1st Dept 2013]), and, in any event, is unavailing.

Under the circumstances presented, the penalty of termination of petitioner's tenancy does not shock one's sense of fairness. Petitioner did not show how her medical circumstances and the death of her brother prevented her from timely paying her rent (*see Matter of Zimmerman v New York City Hous. Auth.*, 84 AD3d 526 [1st Dept 2011]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Acosta, Andrias, Manzanet-Daniels and Webber, JJ.