■ In the Matter of HERBERT PAUL, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents. [47 NYS3d 264]—

Determination of respondents, dated July 23, 2012, revoking petitioner's certification as a school bus driver, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court pursuant to CPLR 7804 [g] by order of Supreme Court, New York County [Geoffrey D. Wright, J.], entered July 18, 2013) dismissed, without costs.

As a threshold matter, this proceeding was transferred to this Court erroneously. Since the administrative hearing held pursuant to Chancellor's Regulation C-100 was not a hearing "pursuant to direction by law," no substantial evidence issue is raised (CPLR 7803 [4]; 7804 [g]; *Matter of Duncan v Klein*, 38 AD3d 380 [1st Dept 2007]). We decide the matter on the merits in the interest of judicial economy (*see Matter of Pagan v Rhea*, 122 AD3d 543, 543 [1st Dept 2014]).

The determination that petitioner's performance was unsatisfactory has a rational basis in the record (*see Matter of Partnership 92 LP & Bldg. Mgt. Co., Inc. v State of N.Y. Div. of Hous. & Community Renewal*, 46 AD3d 425, 428 [1st Dept 2007], *affd* 11 NY3d 859 [2008]), which shows that petitioner acted recklessly, endangering his own life and the lives of his passengers. The hearing evidence shows that, while driving a school bus with five children and a school bus escort on board, petitioner came to a railroad crossing while a train was approaching. He disregarded the train's horn and the crossing signal's flashing lights, and continued onto the tracks, where the crossing gate came down upon the front of the bus (no one on the bus was injured).

The hearing officer was entitled to rely on hearsay (*see Matter of Gray v Adduci*, 73 NY2d 741, 742 [1988]), and her credibility determinations are entitled to deference (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]).

The penalty does not shock the judicial conscience (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 232-233 [1974]; *Matter of Robbins v Malone Cent. School Dist.*, 182 AD2d 890, 892 [3d Dept 1992], *appeal dismissed* 80 NY2d 825 [1992]). Concur—Friedman, J.P., Sweeny, Richter, Manzanet-Daniels and Kapnick, JJ.