■ In the Matter of TIMOTHY BRADDOCK, Petitioner, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [50 NYS3d 278]—

Determination of respondent New York City Housing Authority (NYCHA), dated September 15, 2014, which terminated petitioner's tenancy on the grounds of nondesirability and breach of rules and regulations, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Alice Schlesinger, J.], entered November 12, 2015), dismissed, without costs.

Petitioner raised an issue of substantial evidence requiring transfer to this Court (*see* CPLR 7804 [g]), since he challenged the weight of the evidence and certain factual findings made by the hearing officer. The hearing officer's determination is supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]; *see also Matter of Hill v New York City Hous. Auth.*, 111 AD3d 462, 462-463 [1st Dept 2013]).

The termination of petitioner's tenancy is consistent with the law and proportionate to the offenses (*see Matter of Hill*, 111 AD3d at 463; *see also Matter of Johnson v New York City Hous. Auth.*, 111 AD3d 515, 516 [1st Dept 2013]). The hearing officer considered petitioner's assertions regarding purported mitigating circumstances, but found them to be insufficient (*see Matter of Hairston v New York City Hous. Auth.*, 144 AD3d 416, 417 [1st Dept 2016]). The hearing officer's findings are sup-

ported by the record. By pleading guilty to criminal possession of a weapon in the fourth degree, petitioner waived his right to have the hearing officer consider his motive for entering the plea (*see People v Taylor*, 65 NY2d 1, 5 [1985]). Moreover, there is no evidence to support petitioner's claim that the defaced revolver and ammunition recovered from his apartment belonged to his late uncle. Even if petitioner was unaware that the items were present in the apartment, he was, nonetheless, responsible for any criminal activity in the apartment (*see Matter of Grant v New York City Hous. Auth.*, 116 AD3d 531, 531, 533 [1st Dept 2014]).

Petitioner failed to preserve his arguments regarding NYCHA's termination procedures, because he never raised them at the administrative level (*see Matter of Hairston*, 144 AD3d at 417).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Acosta, J.P., Richter, Andrias, Kahn and Gesmer, JJ.