Greenburgh Housing Authority, Respondent, 
against
Tamika Hall, Appellant, et al., Undertenants.




Tamika Hall, appellant pro se.
The Bozeman Law Firm, PLLC, (Leticia Arzu, Esq.), for respondent.

Appeal from a decision of the Justice Court of the Town of Greenburgh, Westchester County (Walter Rivera, J.), entered January 29, 2014, deemed from a final judgment of the same court entered February 13, 2015 (see CPLR 5512 [a]). The final judgment, after a nonjury trial, awarded landlord possession and $500 in attorney's fees in a holdover summary proceeding.




ORDERED that the final judgment is modified by deleting the award of $500 in attorney's fees; as so modified, the final judgment is affirmed, without costs.
On November 12, 2013, tenant signed a lease, on behalf of herself and nine other named persons, with landlord, a federally subsidized low-income housing project subject to the rules and regulations promulgated by the United States Department of Housing and Urban Development (Section 8). The lease contained the federally mandated proscription against drug-related criminal activity (42 USC § 1437 [d] [l] [6]; 24 CFR 5.100). Alleging that tenant had violated this proscription, landlord terminated the lease and commenced this holdover summary proceeding, following the execution of a no-knock search warrant at tenant's premises by local police on May 31, 2014, which had resulted in the seizure of quantities of cocaine, heroin, and marihuana. Landlord also sought $500 in attorney's fees.
At a nonjury trial, one of the officers who had participated in the warrant operation testified as to his training and expertise in the identification and packaging of the substances seized, and as to his observation of tenant in physical possession of marihuana and currency and of the field tests conducted at the scene, which had proved positive for the presence of all three controlled substances. At the trial's conclusion, the Justice Court, finding the officer's testimony credible, concluded that landlord had established the lease violation and awarded landlord possession and $500 in attorney's fees. Tenant was subsequently evicted.
Upon a review of the record, we find that the proof of tenant's possession of controlled [*2]substances was sufficient to establish a violation of the "criminal activity" provision of the lease (see Matter of Willock v Schenectady Mun. Hous. Auth., 271 AD2d 818, 818-819 [2000]; Matter of Moore v New York City Hous. Auth., 27 Misc 3d 1211[A], 2010 NY Slip Op 50682[U], *4-5 [Sup Ct, Kings County 2010]; Jamie's Place I LLC v Reyes, 25 Misc 3d 1234[A], 2009 NY Slip Op 52409[U], *5 [Civ Ct, NY County 2009]; Matter of Sterling v New York City Hous. Auth., 22 Misc 3d 1129[A], 2009 NY Slip Op 50359[U], *3 [Sup Ct, NY County 2009]). The officer's visual identification of the drugs, based on his training and experience with the appearance and packaging of controlled substances, was confirmed by field tests (see e.g. Jamie's Place I LLC v Reyes, 25 Misc 3d 1234[A], 2009 NY Slip Op 52409[U], *4), which is sufficient to establish the matter whatever the probative weight of the laboratory test documentation. It is of no consequence that the then-pending criminal charges were subsequently dismissed (see e.g. Matter of Whitted v New York City Hous. Auth., 110 AD3d 447, 448 [2013] ["The fact that the criminal charges were ultimately dismissed against (the tenant) does not affect (the landlord's) right to penalize the underlying conduct or render the evidence submitted at the hearing insubstantial"]; see also Matter of Prado v New York City Hous. Auth., 116 AD3d 593 [2014]; Matter of Bell v New York City Hous. Auth., 49 AD3d 284, 284 [2008]). It is noted that, even had tenant been a long-term resident without prior "problems," termination of the lease would remain appropriate (Douglas v New York City Hous. Auth., 126 AD3d 647, 648 [2015]), and here, tenant engaged in the illicit activity within months of signing her lease. Tenant's general claims of hardship, including the possibility that the eviction record may render her future attempts to obtain equivalent housing more difficult, likewise do not ordinarily justify remedial consideration (e.g. Matter of Pagan v Rhea, 122 AD3d 543, 544 [2014]; Matter of Whitted v New York City Hous. Auth., 110 AD3d at 448). Landlord is "not bound to exercise its discretion and consider mitigating factors" (Matter of Syracuse Hous. Auth. v Boule, 265 AD2d 832, 833 [1999] [internal quotation marks and citation omitted]). Tenant failed to substantiate her claims as to landlord's alleged selective or discriminatory enforcement of the "one-strike" policy. Finally, we note that the fact that the same judge may have presided over both the criminal proceedings against tenant and the holdover summary proceeding is not a ground for disqualification (see People v Moreno, 70 NY2d 403, 406 [1987]).
However, the award of attorney's fees was improper, as such fees are not rent and "may not be recovered against a Section 8 tenant in a summary proceeding" (Fairview Hous., LLC v Wilson, 38 Misc 3d 128[A], 2012 NY Slip Op 52385[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]).
Accordingly, the final judgment is modified by deleting the award of attorney's fees and is otherwise affirmed.
Tolbert, J.P., Garguilo and Brands, JJ., concur.
Decision Date: May 18, 2017