Matter of Breier v New York State Dept. of Social Servs. (2019 NY Slip Op 00433)





Matter of Breier v New York State Dept. of Social Servs.


2019 NY Slip Op 00433


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-00656 DECISION, ORDER & JUDGMENT
 (Index No. 156/15)

[*1]In the Matter of Arthur D. Breier, deceased, by Marc J. Breier, administrator of the estate of Arthur D. Breier, petitioner, 
v
New York State Department of Social Services, et al., respondents.


Marc J. Breier, Old Bethpage, NY, petitioner pro se.
Letitia James, Attorney General, New York, NY (Andrew W. Amend and David Lawrence III of counsel), for respondents New York State Department of Social Services and New York State Department of Health.
Dennis M. Brown, County Attorney, Hauppauge, NY (L. Adriana Lopez and Dana Kobos of counsel), for respondent Suffolk County Department of Social Services.



Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Health dated September 5, 2014. The determination, after a hearing, denied, as untimely, the petitioner's request for a fair hearing to review two separate determinations of the Suffolk County Department of Social Services, dated July 13, 2013, and December 5, 2013, respectively, denying the decedent's applications for medical assistance benefits.
ORDERED that the proceeding is dismissed insofar as asserted against the Suffolk County Department of Social Services; and it is further,
ADJUDGED that the determination is confirmed, the petition is otherwise denied, and the proceeding is otherwise dismissed on the merits, without costs or disbursements.
In 2013, the decedent was admitted to long-term care at the Franklin Center for Rehabilitation & Nursing (hereinafter Franklin). The decedent's attorney-in-fact authorized Mayda Cruz, a Medicaid coordinator employed by Franklin, to represent the decedent during the Medicaid eligibility process. On June 18, 2013, Cruz filed, on behalf of the decedent, an application for medical assistance benefits, which was denied by the Suffolk County Department of Social Services (hereinafter the DSS) on July 13, 2013, due to the failure to submit proper documentation. Cruz refiled on September 11, 2013, and on December 5, 2013, DSS denied that application on the same ground. On February 24, 2014, Cruz requested a fair hearing regarding the denials dated July 13, 2013, and December 5, 2013. In a determination dated September 5, 2014, made after a fair hearing, the Commissioner of the New York State Department of Health (hereinafter the DOH) denied the request for a fair hearing regarding those denials because the request had not been made in a timely manner. The petitioner, the administrator of the decedent's estate, then commenced this CPLR [*2]article 78 proceeding, contending that the applicable statute of limitations should have been tolled because the notices denying the applications were not sent to the decedent's attorney-in-fact. The proceeding was then transferred to this Court pursuant to CPLR 7804(g).
The determination by the DOH that, since the request for a fair hearing was made more than 60 days after the DSS denied the applications, the DOH was without jurisdiction to review the determinations, is supported by substantial evidence (see Social Services Law § 22[4][a]; 18 NYCRR 358-3.5[b][1]; Matter of Notman v New York State Dept. of Health, 162 AD3d 1704, 1705; Matter of Fieldston Lodge Nursing Home v DeBuono, 261 AD2d 543, 543-544; Glengariff Health Care Ctr. v Glass, 231 AD2d 717, 718). Contrary to the petitioner's contention, the statute of limitations was not tolled on the ground that the denial notices were not sent to the decedent's attorney-in-fact. Cruz, who had applied for Medicaid benefits on behalf of the decedent as his recognized representative, was the proper party to receive the notices of denial (see Social Services Law § 22[12]; 18 NYCRR 358-3.1[a]; Matter of Fieldston Lodge Nursing Home v DeBuono, 261 AD2d at 544).
Additionally, since the determination of the DOH is final and binding on the DSS, and the DSS must comply with it (see 18 NYCRR 358-6.1[b]), the DSS is not a proper party to this proceeding and the proceeding should be dismissed insofar as asserted against it (see Matter of Weiss v Suffolk County Dept. of Social Servs., 121 AD3d 703, 706; Matter of Loiacono v Demarzo, 72 AD3d 969).
MASTRO, J.P., RIVERA, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court