Matter of Blythe-Baugh v City of New York (2019 NY Slip Op 05088)





Matter of Blythe-Baugh v City of New York


2019 NY Slip Op 05088


Decided on June 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


9720 650246/17

[*1]In re Tamika Blythe-Baugh, Petitioner-Appellant,
v
The City of New York, et al., Respondents-Respondents.


Stewart Lee Karlin Law Group, P.C., New York (Stewart Lee Karlin of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.



Order (denominated Decision and Judgment), Supreme Court, New York County (Barbara Jaffe, J.), entered on or about January 26, 2018, which granted respondents' motion to confirm an arbitrator's award terminating petitioner's employment as a teacher, denied the petition and dismissed the proceeding brought pursuant to CPLR article 75, unanimously affirmed, without costs.
Education Law § 3020-a(5) provides that judicial review of a hearing officer's findings is limited to the grounds set forth in CPLR 7511(b). However, where the parties have submitted to compulsory arbitration, as here, judicial scrutiny is stricter in that the determination must be in accord with due process, supported by adequate evidence, be rational, and not arbitrary and capricious under CPLR article 78 (see City School Dist. of the City of N.Y. v McGraham, 17 NY3d 917, 919 [2011]; Matter of Gongora v New York City Dept. of Educ., 98 AD3d 888, 889-890 [1st Dept 2012]).
The arbitrator's decision was based on sufficient evidence, was rational, and was not arbitrary or capricious. Petitioner did not dispute the absences and lateness noted in specifications 1 through 6, which the arbitrator properly found were excessive, and as to which the arbitrator noted that petitioner failed to seek a medical accommodation until shortly before the charges were filed against her. Moreover, petitioner did not provide medical documentation supporting her claim that the absences and lateness were causally related to her medical condition.
With respect to the corporal punishment specification, the arbitrator credited the student's testimony, and a hearing officer's determination of credibility is largely unreviewable (see Matter of Paul v New York City Dept. of Educ., 146 AD3d 705 [1st Dept 2017]).
Termination of petitioner's employment does not shock the conscience given her repeated and prolonged attendance issues, which were the subject of two prior disciplinary proceedings, and her other substantial misconduct (see Lackow v Department of Educ. [or "Board"] of City of N.Y., 51 AD3d 563, 569 [1st Dept 2008]). "That reasonable minds might disagree over what the proper penalty should have been does not provide a basis for vacating the arbitral award or refashioning the penalty" (see Matter of Bolt v New York City Dept. of Educ., 30 NY3d 1065 [2018]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2019
CLERK