Matter of Baker v Tietz (2023 NY Slip Op 03596)

Matter of Baker v Tietz

2023 NY Slip Op 03596

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, MONTOUR, AND OGDEN, JJ.

320 TP 22-01897

[*1]IN THE MATTER OF ROBERT BAKER, DECEASED, ANN MARIE BAKER, PETITIONER,
v
DANIEL W. TIETZ, AS COMMISSIONER OF NEW YORK STATE OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE, MARY T. BASSETT, AS COMMISSIONER OF THE DEPARTMENT OF HEALTH OF THE STATE OF NEW YORK, AND ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, RESPONDENTS. 

MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (ELLEN G. SPENCER OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BRIAN LUSIGNAN OF COUNSEL), FOR RESPONDENTS DANIEL W. TIETZ, AS COMMISSIONER OF NEW YORK STATE OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE, AND MARY T. BASSETT, AS COMMISSIONER OF THE DEPARTMENT OF HEALTH OF THE STATE OF NEW YORK.

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Donna M. Siwek, J.], entered October 19, 2022) to review a determination that denied as untimely petitioner's request for review of the denial of her decedent's application for Medicaid benefits. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the amended petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, issued following a fair hearing, that denied as untimely her request for review of the denial of her decedent's application for Medicaid benefits. We confirm that determination.
A request for a fair hearing must be made "within sixty days after the date of the action or failure to act complained of" (Social Services Law § 22 [4] [a]; see 18 NYCRR 358-3.5 [b] [1]), and the failure to do so deprives an agency of authority to review any challenge thereto (see Matter of Notman v New York State Dept. of Health, 162 AD3d 1704, 1705 [4th Dept 2018]). Here, it is undisputed that decedent's Medicaid application was denied on February 4, 2021, but decedent did not request a fair hearing until June 7, 2021, which was beyond the 60-day limitation period. Contrary to the only explanation for the untimely request offered by petitioner at the fair hearing, the record establishes that the notice of denial properly advised both petitioner, who was designated to receive decedent's Medicaid notices, and decedent's recognized representative, who was processing the application on his behalf, of the deadline and method by which decedent could obtain a fair hearing (see Social Services Law § 22 [12]; 18 NYCRR 358-3.1 [a]; Matter of Breier v New York State Dept. of Social Servs., 168 AD3d 933, 934 [2d Dept 2019]). Consequently, the determination of the Administrative Law Judge (ALJ) that the Department of Health of the State of New York lacked jurisdiction to review the denial of decedent's Medicaid application because the request for a fair hearing was untimely and no sufficient basis was offered for tolling the limitation period is supported by substantial evidence (see Breier, 168 AD3d at 934; Matter of Fieldston Lodge Nursing Home v DeBuono, [*2]261 AD2d 543, 544 [2d Dept 1999]; see also Notman, 162 AD3d at 1704-1705). Petitioner's remaining contentions in support of tolling the limitation period were not raised at the fair hearing and are therefore not properly before us because "new contention[s] may not be raised for the first time before the courts in [a CPLR] article 78 proceeding" (Notman, 162 AD3d at 1705 [internal quotation marks omitted]; see Matter of Peckham v Calogero, 12 NY3d 424, 430 [2009]), and we have no discretionary authority to review those contentions (see Matter of Onondaga Ctr. for Rehabilitation & Healthcare v New York State Dept. of Health, 211 AD3d 1514, 1516 [4th Dept 2022]; see generally Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]).
Further, the record does not support petitioner's contention that the ALJ deprived her of a fair hearing (see 18 NYCRR 358-5.6 [b] [3]; cf. Matter of Feliz v Wing, 285 AD2d 426, 427 [1st Dept 2001], lv dismissed 97 NY2d 693 [2002]).
In light of our conclusion, petitioner's remaining contention is academic.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court